**Donald Wayne PEERY, Plaintiff,**

v.

**Mr. DAVIS (Brickyard Foreman), Virginia Department of Corrections, Defendants.**

Civ. A. No. 81–1036–N.

United States District Court, E. D. Virginia, Norfolk Division.

Oct. 15, 1981.

---

Donald Wayne Peery, pro se.

## MEMORANDUM ORDER

CLARKE, District Judge.

Plaintiff, a state prisoner, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* is GRANTED, and the Complaint is ORDERED filed. The Court's jurisdiction is based upon 28 U.S.C. § 1343.

In his Complaint, plaintiff states that he suffered a corneal abrasion while working at his assigned job in the prison brickyard. The injury arose, according to plaintiff, because defendant Davis, the brickyard foreman, failed to provide plaintiff with safety glasses. Alleging that defendant Davis's failure to exercise due care proximately caused the eye injury, plaintiff requests compensatory, punitive and declaratory relief.

In a recent opinion, the United States Supreme Court determined that simple negligence may be actionable under § 1983. *See Parratt v. Taylor*, —— U.S. ——, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981). The Court nevertheless affirmed the view that not every injury inflicted by a state official under color of law constitutes a Fourteenth Amendment violation actionable under § 1983. *Id.* at 1917. *See also Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979);

*Paul v. Davis*, 424 U.S. 693, 699, 96 S.Ct. 1155, 1159, 47 L.Ed.2d 405 (1976). To hold otherwise, the *Parratt* majority observed, would make § 1983 "a font of tort law" that would supplant state procedures for relief. 101 S.Ct. at 1917.

Justice Rehnquist, writing for the *Parratt* majority, concluded with the observation that its opinion was "fully consistent" with prior Supreme Court precedent. A review of that precedent discloses that the Supreme Court has consistently dismissed tort claims under § 1983 where state remedies are available. *See Baker v. McCollan*, 443 U.S. at 146, 99 S.Ct. at 2695 (redress for false imprisonment must be pursued in state court under traditional tort principles); *Paul v. Davis*, 424 U.S. at 712, 96 S.Ct. at 1165 (vindication of interest in reputation must be sought through defamation action in state court).

In this case, as in *Parratt, Baker* and *Davis*, state procedures are available to provide relief for defendant Davis's allegedly tortious conduct. Pursuant to § 53–307 of the Virginia Code (1978), a prisoner may request the appointment of a committee to sue "in respect to all claims or demands of every nature . . . ."

Adhering to the Supreme Court's admonition that § 1983 should not provide a remedy for all torts committed by state officers, the Court believes that plaintiff's Complaint is not properly cognizable under § 1983. The Court further believes that this result is appropriate because state remedies are available to the plaintiff. Accordingly, the Court ORDERS plaintiff's Complaint DISMISSED.

Should the plaintiff desire to appeal the judgment of this Court, written notice of appeal must be filed with the Clerk of this Court within thirty (30) days of the date of this Order.

The Clerk is DIRECTED to send a copy of this Order to the plaintiff and to the Attorney General of Virginia.