**Victor D. WHORLEY, Plaintiff,**

**v.**

**Officers Charles A. KARR and R. E. Cassell, Roanoke City Police Department, Defendants.**

**Civ. A. No. 81–0253(R).**

United States District Court, W. D. Virginia.

Oct. 16, 1981.

Victor D. Whorley, pro se.

Wilburn C. Dibling, Jr., City Atty., Roanoke, Va., for defendants.

### MEMORANDUM OPINION

TURK, Chief Judge.

Virginia inmate Victor D. Whorley has filed this action under 42 U.S.C. § 1983 to recover damages for the loss of his watch by defendants Karr and Cassell. Plaintiff alleges that he was arrested by Officer

Karr, a policeman with the City of Roanoke Police Department, on November 20, 1979. Subsequently Officer Karr inventoried plaintiff's watch and other personal belongings. All of these items, except the watch, were placed in an envelope by Officer Cassell. Observing this, plaintiff questioned Karr about the watch, and Karr replied that it would "follow you to Roanoke City Jail." Plaintiff alleges the watch never arrived.

Defendants have filed an answer which denies that defendants deprived plaintiff of his wristwatch. Plaintiff has in turn responded by denying defendants' contentions. Although plaintiff's complaint alleges that defendants have violated his sixth amendment rights, the Court cannot find that any such right is implicated in this case. Rather, plaintiff's allegations apparently attempt to raise a claim under the fourteenth amendment of the United States Constitution that defendants deprived plaintiff of his property without due process of law.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court addressed precisely the same issue as that raised here by plaintiff's allegations. *Parratt* concerned a prison inmate's claim under 42 U.S.C. § 1983 that prison officials negligently lost his property in violation of his fourteenth amendment rights. The inmate was incarcerated in Nebraska and Nebraska law provided the inmate with a statutory tort remedy against state prison officials. Following the reasoning of the Seventh Circuit in *Bonner v. Couglin*, 517 F.2d 1311 (7th Cir. 1975), *mod. en banc*, 545 F.2d 565 (1976), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978), the Supreme Court noted that although the inmate had been deprived of property under color of state law, the deprivation did not result from the use of an established state procedure. Rather, "the deprivation occurred as a result of the unauthorized failure of agents of the state to follow established state procedure." 101 S.Ct. at 1917. Therefore whether the plaintiff could maintain an action under section 1983 turned upon whether Nebraska law

provided plaintiff with a remedy to redress the misconduct of the state officials that satisfied the due process clause of the fourteenth amendment.

In this regard the Supreme Court found that the Nebraska statutory tort remedy allowing inmates to recover against state prison officers fulfilled the requirements of due process. When a plaintiff seeks compensation for the "random and unauthorized act of a state employee," due process standards do not require that there be a hearing prior to the taking by state officials. Instead the states need only provide "some meaningful opportunity subsequent to the initial taking for a determination of rights and liabilities." *Id.*

Just as in *Parratt*, the complaint in this action simply alleges that public officials have committed unauthorized or negligent acts. No state procedure itself is being challenged. Thus the question presently before the Court is whether Virginia law provides plaintiff with a remedy against defendants Karr and Cassell that satisfies the requirements of due process as set forth in *Parratt v. Taylor.*

Under the due process standards set forth in *Parratt*, a civil suit filed in the courts of Virginia and alleging the tortious conversion of personal property would provide plaintiff with a remedy able to compensate him for his loss. 101 S.Ct. at 1914–15. Whether such a cause of action is available to plaintiff, however, depends on whether the sovereign immunity of the Commonwealth extends to the defendants in their individual capacity.

Sovereign immunity protects no governmental official who commits an intentional tort. *Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967). The principles concerning a state official's immunity for merely negligent acts are not as straightforward. A police officer in a city police department is an officer of the Commonwealth. *Alexandria v. McClary*, 167 Va. 199, 188 S.E. 158 (1936). State officials may be sued in their individual capacity for some, but not all, negligent acts. In partic-

ular, if a state official performs a purely ministerial duty which does not involve judgment or discretion, then he may be held liable for negligently performing that duty. *Lawhorne v. Harlan*, 214 Va. 405, 200 S.E.2d 569 (1973). Yet a state official accused of mere negligence in carrying out a supervisory function or in exercising discretionary judgment is immune from liability. *Sayers v. Bullar*, 180 Va. 222, 229, 22 S.E.2d 9, 12 (1942).

■ Defendants' duty to inventory plaintiff's personal belongings and then to safely transfer plaintiff's property to officials at the Roanoke City Jail appears to involve no discretionary judgments. It is purely a ministerial duty carried out by state officials. Therefore plaintiff may bring an action in the courts of Virginia to recover for defendants' alleged negligence in losing his wristwatch. In the alternative, if plaintiff claims defendants stole his watch, then he may maintain a suit against defendants under Virginia law because sovereign immunity does not shield those who commit an intentional tort. Thus, regardless of whether defendants negligently lost or stole plaintiff's watch, plaintiff possesses a remedy to pursue in the state courts which is able to compensate him for his loss and provides him with a "meaningful opportunity subsequent to the initial taking for a determination of rights and liabilities." Plaintiff has not been deprived of property without due process of law.

Accordingly, this action is dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.