Harry E. WATERSTRAAT, Plaintiff,

v.

CENTRAL STATE HOSPITAL, et al., Defendants.

Civ. A. No. 81–0178–L.

United States District Court,
W. D. Virginia.

Feb. 12, 1982.

Harry E. Waterstraat, pro se.

Patrick A. O'Hare, Asst. Atty. Gen., Richmond, Va., for defendant.

MEMORANDUM OPINION

TURK, Chief Judge.

Harry E. Waterstraat, currently incarcerated at the Maryland State Penitentiary, filed this action *in forma pauperis* and *pro se* under the Civil Rights Act, 42 U.S.C. § 1983, while an inmate at the Lynchburg City Jail. Jurisdiction is conferred on this court by virtue of 28 U.S.C. § 1343(3) and (4).

Plaintiff filed this action with regard to his stay at Central State Hospital in 1980 and his subsequent attempts to retrieve certain items of his property. Plaintiff contends that in July of 1980, he was admitted to the Forensic Unit of Central State Hospital for mental evaluation. At the time of admission, plaintiff's property and clothes were placed in a storage area. Several months later, plaintiff's wife brought other clothes for plaintiff which were placed in a property room. After what plaintiff terms his "alleged" escape from the hospital, he wrote to the Administrator to have his property returned to his wife. Although some property was received by his wife, plaintiff contends that many items were omitted. Specifically, plaintiff alleges that the following items totaling $343 were missing: wrist watch, silver necklace and medallion, grey dress shoes, brownish red dress shoes, brown dress pants, brown dress shirt, brown tie, and grey socks.

As relief, plaintiff seeks the return of his missing property or its value and $10,000 in punitive damages.

Defendants responded to plaintiff's allegations, admitting that some of the items belonging to plaintiff have not been returned. Defendants submit however, that they are not personally responsible for the missing property. Defendants further contend that they acted in good faith and are thus entitled to qualified immunity. Furthermore, they state the Eleventh Amendment bars any form of monetary recovery against a state employee acting in his official capacity. Finally, defendants assert that the doctrine of *respondeat superior* does not apply in actions under 42 U.S.C. § 1983 and they are not personally liable for the loss.

Plaintiff responded to defendants' answer, disputing defendants' defenses. Plaintiff also submitted various documents from defendants with regard to the missing property. Among them were a letter, an inventory sheet, and regulations of the facility. Plaintiff then amended his complaint to add those parties he felt were more directly responsible for the deprivation of property. The added parties included an aide who admitted plaintiff to the hospital and the valuables clerk who put the items in the safe.

The added parties responded to plaintiff's allegations with an answer and a motion to dismiss. In support of the motion, affidavits from Richard Wallace, aide, and Esther Green, unit clerk, were submitted.

The court notified plaintiff of defendants' motion to dismiss and gave him fifteen days to submit counteraffidavits or other relevant evidence contradicting, explaining or avoiding defendants' evidence. The notice warned that failure to respond may, if appropriate, result in summary judgment being granted for defendants. Plaintiff submitted a "Motion to grant judgment for plaintiff..." in which he repeated his basic allegations from the original and amended complaints.

The action is now before the court on defendants' motion to dismiss. As the motion is accompanied by affidavits, this court shall treat it as a motion for summary judgment.

█ In order to state a claim under 42 U.S.C. § 1983, two essential elements must be alleged. First, there must be conduct committed by a person acting under color of state law; secondly, that conduct must have deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

The first element, conduct committed by a person acting under color of state law, has undoubtedly been met. The issue remains whether the conduct deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. The record clearly shows that plaintiff has been deprived of property whether through a negligent or intentional deprivation. In order to determine whether plaintiff has been deprived of property without due process, it is necessary to ascertain whether there are any state remedies available to the plaintiff that will satisfy the demands of due process. *Parratt, supra.*

■ The doctrine of sovereign immunity prevents plaintiff from suing the Commonwealth of Virginia in state courts for torts committed by its agents in their official capacities.[1] However, the doctrine of sovereign immunity does not preclude a suit against the tortfeasor in his individual capacity. Thus, a state employee may be held liable for his negligent conduct although the state is immune. *Crabbe v. County School Board*, 209 Va. 356, 164 S.E.2d 639 (1968). Plaintiff may therefore bring a suit in the state courts against defendants in their individual capacities. Where the deprivation of property is concerned, the appropriate action is one of conversion and trover.[2]

■ Where there is an adequate state remedy, there has not been a constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment. *Parratt, supra.* The question now becomes whether the common law remedy of conversion and trover constitutes an adequate state remedy so as to meet the requirements of due process.[3]

■ Whether a state remedy is "adequate" or not for purposes of due process involves both the nature of the taking and the timing of the hearing that accompanies the deprivation. In a situation where property has been lost or intentionally converted, it is difficult to provide a meaningful pre-deprivation hearing.[4] However, a post-deprivation remedy may satisfy due process. The action for conversion and trover is such a post-deprivation remedy. After plaintiff is deprived of his property, plaintiff may file an action for conversion and trover. The action thereby provides a meaningful post-deprivation hearing which satisfies due process.

Accordingly, plaintiff fails to state a claim under 42 U.S.C. § 1983. The action shall be dismissed in an order to be entered this day.

---

1. Virginia has consented for actions of a contractual nature. See Va. Code §§ 2.1–223.1, 8.01–192 and 8.01–255. Effective July, 1982, Virginia, through the Virginia Tort Claims Act, Va. Code §§ 8.01–195.1, *et seq.*, will also be subject to suit for torts committed by its agents under certain circumstances.

2. An action for conversion and trover states that the defendants wrongfully deprived plaintiff of his property and seeks the value of the misappropriated property. Plaintiff, in his letters to Central State Hospital, speaks of bringing an action of replevin. The action of replevin has been abolished. Va. Code 8.01–218.

3. Common law remedies, such as conversion and trover, are not precluded from satisfying due process merely because they are not statutory remedies. *Ingraham v. Wright*, 430 U.S. 651, 674–682, 97 S.Ct. 1401, 1414–1418, 51 L.Ed.2d 711 (1977).

4. Compare with the line of cases where the deprivation is in accordance with established state procedure and therefore a meaningful pre-deprivation hearing can be held where a liberty or property interest of the person is affected. *See Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). This does not mean that post deprivation remedies violate due process. *See North American Cold Storage Co. v. Chicago*, 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195 (1908); *Mitchell v. W. T. Grant*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).