**Lloyd Barry FRAZIER, Plaintiff,**

v.

**James COLLINS, Warden, Defendant.**

**Civ. A. No. 81–1091–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

April 5, 1982.

Lloyd Barry Frazier, pro se.

Alan Katz, Asst. Atty. Gen., Richmond, Va., for defendant.

## MEMORANDUM

RICHARD L. WILLIAMS, District Judge.

This matter came before the court on defendant's motion for summary judgment under Fed.R.Civ.P. 56(b). Plaintiff has responded to that motion with a memorandum of law.

Plaintiff alleges that defendant has deprived him of certain personal property. Plaintiff escaped from Unit # 30 in Fairfax County on May 29, 1981, was captured, and transported to Powhatan Correctional Center after sentencing on his escape conviction. He submits that defendant is in-

tentionally depriving him of the property which he left behind when he escaped from Unit # 30. He has not claimed that the alleged deprivation is due to defendant's negligence.

At the outset, the court notes that it has a duty to assist a pro se litigant who may not understand concepts of legal responsibility. *See Irshad v. Johnson*, 673 F.2d 1311 (4th Cir., 1982); *Davis v. Zahradnick*, 600 F.2d 458, 459 n.1 (4th Cir. 1979); *Gordon v. Leeke*, 574 F.2d 1147, 1152 n.1 (4th Cir. 1978). A pro se litigant may not understand that under the Federal Rules of Civil Procedure, he "may set forth two or more statements of a claim ... alternately or hypothetically," and "may also state as many separate claims ... as he has regardless of consistency ...." Fed.R.Civ.P. 8(e). Therefore, in considering this motion, the court will construe plaintiff's complaint to have included a statement of his claim based on a theory of negligence.[1]

Since *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), some actions under 42 U.S.C. § 1983 for property deprivations occurring in Virginia have been dismissed on the grounds that Virginia provides a remedy for the deprivation alleged, and that the state remedy provided satisfies procedural due process requirements. *See Carroll v. Stacey*, Civil Action No. 81–0249–R (W.D.Va., October 28, 1981); *Graham v. Mitchell*, 529 F.Supp. 622, (E.D. Va., 1982); *Whorley v. Karr*, 534 F.Supp. 88 (W.D.Va., 1981). *Also cf. Peery v. Davis*, 524 F.Supp. 107 (E.D.Va.1981) (section 1983 claim based on personal injury due to negli-

gence dismissed under *Parratt*). Defendant submits that *Parratt* mandates summary judgment in his favor in this case.

*Parratt* held that the Fourteenth Amendment protection against negligent deprivation of property without due process of law can be satisfied by a meaningful postdeprivation hearing made available by a state, if a meaningful predeprivation process is impractical. *See Parratt*, 451 U.S. at 535–45, 101 S.Ct. at 1913–18. The statute involved there was Neb.Rev.Stat. § 81–8, 209 *et seq.* (1976), which provides a remedy to those who have suffered tortious losses at the hands of the State of Nebraska. A roughly congruent statute will go into effect in the Commonwealth of Virginia on July 1, 1982,[2] but the alleged deprivation in this case cannot be redressed via this statute, because it will apply to claims "only accruing on or after" July 1, 1982. Therefore, the court must consider whether there is a right of action under Virginia law which would redress plaintiff's deprivation; whether the defendant here, if made the defendant in the state action, would partake of the state's sovereign immunity; and whether such an action meets procedural due process requirements.

## I. SUBSTANTIVE CAUSE OF ACTION

Article I, § 11, of the Constitution of Virginia (1971) provides that "no person shall be deprived of his life, liberty, or property without due process of law." It has been suggested that this section guarantees due process protection to those who

---

1. Apparently defendant assumes that plaintiff impliedly stated his claim based on negligence as well as on intentional tort, since defendant cites *James v. Jane*, 221 Va. 43, 267 S.E.2d 108 (1980), for the proposition that state officials who negligently deprive persons of property enjoy no immunity under state law. (For the court's reading of *James*, see discussion of immunity at 606–607, *infra*.)

2. "Subject to the provisions of this article, the Commonwealth shall be liable for claims for money only accruing on or after July one, nineteen hundred eighty-two, on account of damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any State employee while acting

within the scope of his employment under circumstances where the Commonwealth, if a private person, would be liable to the claimant for such damage, loss, injury or death; provided, however, that the Commonwealth shall not be liable for interest prior to judgment or for punitive damages, nor shall the amount recoverable by any claimant exceed twenty-five thousand dollars, or the maximum limits of any liability policy maintained to insure against such negligence or other tort, if such policy is in force at the time of the act or omission complained of, whichever is greater, exclusive of interest and costs." Va.Code § 8.01–195.3 (Virginia Tort Claims Act).

have been unlawfully or improperly deprived of their property. *See Graham, supra.* It appears, however, that a private right of action under this state constitutional provision exists only if a preexisting common law action underlies the constitutional guarantee. *Cf., e.g., Burns v. Board of Sup'rs of Fairfax Cty.*, 218 Va. 625, 238 S.E.2d 823, 825 (1977) (action under Art. I, § 11's prohibition against damaging private property for public uses, without just compensation; constitutional right to compensation enforceable by a common law implied contract action). Also, even on the assumption that there is an underlying common law action, section 11 may not apply to a claim based on negligence, because it is questionable whether a loss of property due to negligence is a deprivation under section 11.

*Parratt* has established that a loss of property due to negligence can be a deprivation under the federal Constitution's Fourteenth Amendment. *See Parratt*, 451 U.S. at 534–7, 101 S.Ct. at 1912–14. *See also Chandler v. Hutto*, 673 F.2d 1307 (4th Cir., 1981) (unpublished). However, one Justice in *Parratt* took the straightforward, commonsensical position that the word "deprivation" in the Due Process Clause of the Fourteenth Amendment "connotes an intentional act" and not a negligent deed. *See Parratt*, 451 U.S. at 548–9, 101 S.Ct. at 1919–20 (Powell, J., concurring in result). The language of the Due Process Clause of the Virginia Constitution is virtually identical to that of the Fourteenth Amendment. This court believes that the courts of Virginia would consider "negligent deprivation" to be a contradiction in terms as far as the state's own due process clause is concerned.

■ However, plaintiff has available to him state common law actions, whether or not the state constitution provides him a cause of action.[3] He may sue for conversion or detinue. *See Carroll, supra.*

## II. IMMUNITY

Given the availability of state common law actions, the next question is whether defendant here would partake of the state's sovereign immunity if made a defendant in state proceedings.

### A. Negligence.

■ In Virginia, a state employee who acts wantonly or in a grossly negligent manner cannot don the cloak of sovereign immunity. *James v. Jane*, 221 Va. 43, 267 S.E.2d 108, 113 (1980). However, simple negligence, i.e. failure to use ordinary or reasonable care in the performance of a duty, is another matter. Factors to be considered in determining whether a state employee can be liable for simple negligence in the performance of his duty include: (1) whether the activity involved constitutes a governmental intrusion into formerly private areas; (2) whether the act performed involves the use of judgment and discretion; and (3) what degree of control and direction was exercised by the state over the employee alleged to have performed negligently. *Id.* 267 S.E.2d at 113.

The interplay of these factors is most subtle, and yields the following sample results as to the availability of immunity for simple negligence: University of Virginia Hospital administrators, available, *see Lawhorne v. Harlan*, 214 Va. 405, 200 S.E.2d 569 (1973); University of Virginia Hospital physicians, unavailable, *see James, supra*; University of Virginia Hospital surgical intern, available, *see Lawhorne, supra*; public high school teacher, unavailable, *see Crabbe v. School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968). *But see James, supra*, 267 S.E.2d at 115 (Cochran, J., concurring) (*Lawhorne* and *Crabbe* are inconsistent). It is difficult for this court to augur this defendant's position under Virginia law, but it believes that he would enjoy immunity, be-

**3.** In Virginia, "[t]he common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this State, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly." Va.Code § 1-10. "The common law ... provides a remedy for every wrong ...." *Swift and Co. v. City of Newport News*, 105 Va. 108, 52 S.E. 821, 824 (1906).

cause there are no privately operated prisons, and the state monitors and controls prison officials more closely than it does state university hospital physicians.

■ Since defendant cites *Parratt* and *Carroll, supra*, it may appear that he thereby declares he will not seek to cloak himself in the state's sovereign immunity in state court. That is not the case, however. In *Subica v. Major Reynolds*, Civil Action No. 82–0025–AM (E.D.Va., filed January 13, 1982), a case pending in the Alexandria Division, defendant officers of the Virginia State Penitentiary moved for summary judgment against plaintiff's property deprivation claim, on *Parratt* grounds, and citing *Carroll* and *Graham, supra*. The court granted summary judgment, stating that "[s]ince the Commonwealth has cited *Carroll* in support of her contention that there is available to the plaintiff a constitutionally adequate remedy in the state system, this court will assume that a contrary position, i.e. immunity, will not be asserted if that remedy is pursued by the plaintiff." (Order of February 23, 1982.) The court received a letter from the office of the Attorney General in Richmond in response, stating that the citation of *Carroll* was not meant "to represent that the Commonwealth would waive any available defenses in any forum." (Letter of February 26, 1982.)[4] Apparently the state wishes to slide down both sides of the same pole. In light of this position and of the *James* factors, this court must deny summary judgment to defendant on *Parratt* grounds, insofar as plaintiff's claim sounds in negligence.[5]

## B. Intentional Torts.

■ Sovereign immunity does not extend to a state official otherwise liable for an intentional tort. *Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967). Thus, insofar as plaintiff's claim is founded upon intentional tort, he has an adequate state postdeprivation remedy for conversion or detinue. By the order accompanying this memorandum, the court grants summary judgment to defendant insofar as plaintiff's claim rests on intentional tort, pursuant to Fed.R.Civ.P. 56(b).

■ This is not the end of the court's dealings with that much of plaintiff's com-

---

**4.** The order of February 23, 1982, was vacated as a result of the Attorney General's response. *See Subica*, order of March 22, 1982.

In a memorandum of March 6, 1982, the Office of the Attorney General has advised its attorneys to insert "appropriate qualifying language" in their motions for summary judgment "indicating that arguments presented to support the position that there are adequate post deprivation [sic] remedies in state courts should not be taken to imply a relinquishment of the right to assert the doctrine of sovereign immunity in any state court proceeding involving such claims."

**5.** The court is willing to entertain a motion by defendant that in light of the uncertainty of the law on negligence and immunity in Virginia, the court should abstain from adjudicating the matter, for reasons analogous to those justifying the "Pullman doctrine." *See Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Alabama Pub. Serv. Comm'n v. Southern Ry.*, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). Accordingly, the court will not take further action in this case until the expiration of twenty days from the date of receipt of this order by defendant, in case defendant wishes to file another motion. If the defendant chooses to argue that the court should abstain, he should also explain which is the more appropriate course, a stay pending full adjudication in state court, or dismissal. (Apparently a stay pending certification to the Supreme Court of Virginia for determination of relevant state law issues is not an option in Virginia.)

Only after the expiration of the twenty-day period will the court consider the remaining grounds set forth in defendant's motion for summary judgment. Defendant has submitted the affidavit of a lieutenant at Unit # 30. The affiant describes the inventorying of plaintiff's effects after his escape. Plaintiff has responded that he suffered the loss of his "free world clothing," as he maintained in his original complaint.

Defendant has not raised the argument that the loss of property, if any, was not caused by his negligence. Section 1983 actions may not be premised on a theory of *respondeat superior*. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977).

plaint, however. Plaintiff has a federal law claim arising out of the same nucleus of operative facts as the state law claim. Therefore the court should entertain the state claim under its powers of pendent jurisdiction.[6] The court will deem plaintiff to have filed an amended complaint setting forth the same allegations as those in the original complaint, and setting forth a count for conversion or detinue under Virginia state law.[7] Accordingly, the defendant will be given the usual time to respond to this deemed amended complaint, as the order accompanying this memorandum reflects.

### III. POSSIBLE PROCEDURAL BARRIERS

■ Given that a state remedy exists, plaintiff must have a meaningful opportunity to pursue it, in order to satisfy due process requirements. In particular, an indigent prisoner ordinarily must enjoy genuine access to a state court for his opportunity to be "meaningful." In dismissed section 1983 actions for property deprivations occurring in Virginia, three facts concerning access to Virginia courts have been noted:

1) Indigent prisoners may proceed *in forma pauperis* in state courts and have counsel appointed in certain circumstances *See* Va.Code § 14.1–183 (1981). *See Graham, supra.*

2) A prisoner may request the appointment of a committee to sue "in respect to all claims or demands of every nature . . . ." Va.Code § 53–307 (1981). *See Peery, supra,* at 108.

3) A prisoner may waive the appointment of the committee to which Va.Code § 53–

307 refers, and proceed in state court without committee. *Cross v. Sundlin,* 222 Va. 37, 278 S.E.2d 805 (1981). *See Graham, supra.*

Whether the *Peery* court viewed the mechanism of committee appointment as an aid to indigent prisoners, and the *Graham* court viewed it as an impediment, or whether the import of both decisions taken together is that the existence of alternatives assures access, is unclear. In any event, plaintiff's state claim in the instant case remains in federal court by virtue of pendent jurisdiction, and the question of barriers to getting into state court is irrelevant. Therefore the court need not address the due process implications of the facts noted above at this time.

---

**6.** *Parratt* teaches that federal courts, which after all are courts of limited jurisdiction, should return to a state those due process actions for which the state provides all the process that is due. A viable state law claim in a sense preempts an otherwise federal law claim. In the circumstances of this case, however, it would wholly offend the notion of judicial economy for plaintiff's claims not to be heard in one forum.

**7.** The court could grant plaintiff leave to file an actual amended complaint setting forth his claim under state law, but it views this proce-

dure as wasted motion. The court also believes that this procedure may not discharge the court's duty to assist indigent litigants. Furthermore, Fed.R.Civ.P. 15(b) is in effect a "deeming" rule which permits pleadings to be amended after the fact. The "deeming" here occurs at a far earlier state of the proceedings than does the "deeming" permitted by Rule 15(b), and thus there is far less chance of prejudicing the opposing party. The court sees no prejudice to defendant here at all, particularly since it is the defendant who insists that plaintiff has a state claim instead of a federal claim.