Lloyd Barry FRAZIER, Plaintiff,

v.

James COLLINS, Warden, et al., Defendants.

Civ. A. No. 81–1091–R.

United States District Court, E. D. Virginia, Richmond Division.

July 27, 1982.

Lloyd Barry Frazier pro se.

Alan Katz, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

RICHARD L. WILLIAMS, District Judge.

This matter comes before the court on defendants' motion for a stay pending adjudication in state court. For reasons stated below, the court determines that dismissal, not a stay, is the proper disposition of this action.

Plaintiff escaped from Unit # 30 in Fairfax County on May 29, 1981. After apprehension and sentencing on his escape conviction, he was incarcerated at the Powhatan Correctional Center. He alleges that defendants, officials at Unit # 30 are depriving him of "free world" clothing he left behind at Unit # 30 when he escaped.

By order and memorandum of April 5, 1982 (*Frazier v. Collins*, 538 F.Supp. 603), the court considered plaintiff to have stated a claim based on alternative theories of intentional tort and negligence, deemed to have been set forth in a federal count and a pendent state law count. The court's treatment of one count as arising under federal law, and the other as arising under state law, was due to the recent explication of § 1983 set forth in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Under *Parratt*, a "meaningful" postdeprivation hearing provided by a state for a deprivation of property satisfies the Fourteenth Amendment's due process guarantee if "meaningful" predeprivation process is impracticable. *Id.* at 541, 101 S.Ct. at 1951. Predeprivation process is impracticable if the taking is an isolated event the occurrence of which is difficult for the state to predict. *Id.* at 541, 101 S.Ct. at 1951.

The deprivation alleged here is one the state could not have predicted. The state provides an adequate postdeprivation remedy, in the form of an action for conversion or detinue. *See Carroll v. Stacey*, Civil Action No. 81–0249–R (W.D.Va., October 28, 1981). However, the immunity of state officials for certain of their acts could defeat an otherwise viable action for conversion or detinue.

Virginia does not extend immunity to its officials for acts or omissions due to gross negligence, or for intentional acts. *See James v. Jane*, 221 Va. 43, 267 S.E.2d 108, 113 (1980); *Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967). However, Virginia may extend the shield of immunity to its officials in some instances of simple negligence. *See* cases collected at *Frazier, supra*, 538 F.Supp. at 606. The court decided that the likely availability of immunity to defendants insofar as the claim sounded in simple negligence rendered an otherwise adequate state postdeprivation remedy of conversion or detinue inadequate under *Parratt. Id.* at 606–7. *See also Subica v. Major Reynolds*, Civil Action No. 82–0025–AM (E.D.Va., Order of March 22, 1982) (vacating order granting summary judgment due to adequate state remedy, because defendant would not represent he would waive immunity in ensuing state court action).

The court now decides that the immunity for simple negligence, even if available to defendants, would not render Virginia's postdeprivation remedies for this alleged taking inadequate or unmeaningful. Prison officials are entitled to a qualified immunity in § 1983 actions. *Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978); *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). The immunity protects officials from liability for wrongs due to simple negligence. *Hughes v. Blankenship*, 672 F.2d 403 (4th Cir. 1982). Since the federal immunity does not violate due process, neither does the state immunity.[1,2] *See Irshad v. Spann*,

---

**1.** In fact, the federal immunity is broader than the state immunity. In some instances, Virginia state personnel do not enjoy immunity for acts or omissions of simple negligence. *See, e.g., James v. Jane, supra.*

**2.** Whether or not a defendant actually asserts an immunity is irrelevant. For purposes of determining the court's subject-matter jurisdiction, the relevant question is: assuming that a defendant could successfully assert such an immunity, would that fact render the state's otherwise adequate postdeprivation remedy inadequate to satisfy the demands of due process?

543 F.Supp. 922 (E.D.Va., Memorandum Opinion of July 19, 1982).

In its memorandum of May 21, 1982, the court took the position that it should abstain from further action in this case pending adjudication of the state claim in state court, in order to "avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication." *Railroad Commission v. Pullman*, 312 U.S. 496, 500, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941). *See Muterspaw v. Kelly*, Civil Action No. 82–235–N, Memorandum Order of March 22, 1982 (E.D.Va.1982); *Manney v. Cabell*, 654 F.2d 1280 (9th Cir. 1980), *cert. denied*, —— U.S. ——, 102 S.Ct. 1630, 71 L.Ed.2d 866 (1982). *See also North v. Budig*, 637 F.2d 246 (4th Cir. 1981) (state proceedings already pending). In this case the court could have rendered no better than a "tentative decision" as to whether the state courts would extend immunity to defendants. Now that the court has determined that plaintiff has an adequate state remedy whether his case sounds in intentional tort, gross negligence, or simple negligence, it follows that plaintiff has stated no claim for deprivation without due process. Hence plaintiff's claim is entirely a state claim, and the court has no subject-matter jurisdiction over it. Dismissal of the case, not abstention, is proper.[3]

---

**3.** Given that plaintiff has adequate state remedies, the question arises whether he enjoys meaningful access to the state courts consistent with due process. Federal district courts have certain responsibilities to pro se indigent litigants. These include liberally construing complaints, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), giving notice that failure to respond to opponents' summary judgment motions may result in the entry of an adverse judgment, *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and assisting litigants in naming proper defendants, *see Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). It is unclear to the court whether failure of the state courts to provide the same assistance to pro se indigent litigants would rise to the level of a constitutional violation. More to the point, this court has no reason to assume that the courts of Virginia will be any less solicitous towards pro se indigent litigants than federal courts. *See Irshad, supra*, at 927 n.2. Hence the court will dismiss this case. The plaintiff is free to pursue his available state remedies in state court.