**Larry RISNER and Barry K. Bennett, Plaintiffs,**

v.

**Jack DUCKWORTH, Cloid Shuler, Norman Hunt, Larry Worthington and Gordon H. Faulkner, Defendants.**

No. H 82–403.

United States District Court, N.D. Indiana, South Bend Division.

April 22, 1983.

---

Larry Risner, pro se.

Barry K. Bennett, pro se.

Linley E. Pearson, Atty. Gen. of Indiana, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 by two inmates who were, at the time of its filing, incarcerated at the Indiana State Farm in Greencastle, Indiana. The five defendants are all officials with the Indiana Department of Correction, two of them specifically assigned to the Indiana State Prison at Michigan City, Indiana. The underlying cause of action stems from an assault that allegedly took place on December 12, 1978, at the Indiana State Prison where the complainants were then incarcerated. The matter is presently before this Court on defendants' renewed motion for summary judgment.

Before proceeding to an analysis of the merits, a brief recapitulation of his case's history is in order. This action was originally filed in the United States District Court for the Southern District of Indiana on December 5, 1980. On June 1, 1982 a change of venue was ordered to the United States District Court for the Northern District of Indiana, Hammond Division, because the claim arose out of acts allegedly having occurred at the Indiana State Prison in Michigan City, Indiana. Thereafter, on November 24, 1982 this case was ordered transferred within the Northern District of Indiana to the South Bend Division.

In addition to this peripatetic past, it should be noted that the last sign of any continuing interest in this matter on the plaintiffs' part occurred on June 22, 1981, when they filed a Reply to Defendants' Motion for Summary Judgment. In the nearly two years that have elapsed, plaintiffs have filed no pleadings or letters of any kind.

On March 3, 1983 defendants filed a Supplemental Motion in Support of Motion for

Summary Judgment. At page 1 of their motion, defendants set forth the following language:

Rule 56(e) of the Federal Rules of Civil Procedure, provides in part, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Factual assertions contained in the attached affidavits will be accepted as true by the Court in the absence of affidavits or other material filed by Plaintiffs contradicting the assertions.

See *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). As noted above, the plaintiffs have not filed any response to this motion. (They did, however, file a memorandum in opposition to the defendants' original motion for summary judgment, supported by the plaintiffs' affidavits, in 1981).

The gravamen of plaintiffs' complaint is that on December 12, 1978, while they were in the "yard" at Indiana State Prison, the plaintiffs were assaulted by three other inmates who were armed with a knife and iron pipes. Plaintiffs contend that no correction officer was supervising the thirty or so inmates who were in the "yard," that the three assailants were supposed to be confined to their cells and not in the "yard" at that time, and that "the degree of security provide [sic] at the Indiana State Prison on December 12, 1978, to prevent inmates from assaulting each other was so laxed [sic] that assaults were nearly an everyday occurrence, and that the defendants had done little, if anything, to take the necessary measures to correct the violent assault problem."

A careful review of the pleadings reveals that plaintiffs have grounded their cause of action on the tort of negligence. They argue that the defendants were negligent both in failing to maintain a proper guard over the "yard" on December 12, 1978 and in failing to keep the three assailants confined to their cells; that this negligence was the proximate cause of plaintiffs' injuries; and that the negligence complained of was an everyday occurrence.

In a well researched and drafted memorandum, plaintiffs argue that *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), stands for the proposition that a negligent deprivation of a constitutionally protected interest is cognizable under 42 U.S.C. § 1983.

It is true that the Supreme Court of the United States held in *Parratt* that negligence can be sufficient to state a claim for deprivation of one's property rights. However, it is equally true that there is no uniform answer to the question whether mere negligence is sufficient to state a claim under § 1983 for nonproperty, *i.e.,* liberty interest claims. 451 U.S. at 533, 101 S.Ct. at 1911; see also, *Juncker v. Tinney,* 549 F.Supp. 574 (D.Md.1982); *Riley v. Johnson,* 528 F.Supp. 333 (E.D.Mich.1981); *Watson v. McGee,* 527 F.Supp. 234 (S.D.Ohio 1981); *Haygood v. Younger,* 527 F.Supp. 808 (E.D.Cal.1981); *Eberle v. Baumfalk,* 524 F.Supp. 515 (N.D.Ill.1981); *Peery v. Davis,* 524 F.Supp. 107 (E.D.Va.1981). One must, therefore, look to the nature of the right involved to determine if negligence states a cause of action under § 1983. 451 U.S. at 548, 101 S.Ct. at 1919 (Powell, J., concurring in result).

The claim in the present case is not a deprivation of property in violation of the Fifth and Fourteenth Amendments, but rather a claim of an imposition of cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment prohibits punishments or conditions that "involve the unnecessary or wanton infliction of pain." *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981). The Seventh Circuit has described this standard as one of whether prison officials intentionally inflicted excessive or grossly severe punishment on a prisoner or knowingly maintained conditions so harsh as to shock the general conscience. *String-*

er v. Rowe, 616 F.2d 993, 1000–1001 (7th Cir.1980); United States ex rel. Miller v. Twomey, 479 F.2d 701, 719–20 (7th Cir. 1973), cert. den. sub nom., Gutierrez v. Dept. of Public Safety, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974); see also, Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir.1982).

"Wanton" infliction of pain or intentional or knowing conduct requires a level of culpability greater than mere negligence. Thus, the Seventh Circuit has held that isolated acts of violence do not constitute cruel and unusual punishment, without an inquiry as to whether or not those isolated acts resulted from negligence or even from some greater culpability. Madyun v. Thompson, 657 F.2d 868, 875 (7th Cir.1981). The Fifth Circuit after Parratt, has held that "A prisoner has a right to be protected from the constant threat of violence and from sexual assault." Jones v. Diamond, 636 F.2d 1364, 1373 (5th Cir.), cert. granted sub nom., Ledbetter v. Jones, 452 U.S. 959, 101 S.Ct. 3106, 69 L.Ed.2d 970 (1981). By focusing only on whether there is a constant threat, the Fifth Circuit has tacitly stated that simple negligence on a single, unpredicted occasion is not of constitutional magnitude. This is consistent with pre-Parratt cases concerning offender safety. In Woodhous v. Commonwealth of Virginia, 487 F.2d 889 (4th Cir.1973), the court held that a prisoner has a right to be "protected from constant threat of violence and sexual assault by his fellow inmates...". Id., at 890. It does not appear, however, that any circuit has adopted a negligence standard for personal injury claims arising in prisoner petitions brought under 42 U.S.C. § 1983. The reason for this may very well be language in Estelle v. Gamble, 429 U.S. 97 at 106, 97 S.Ct. 285 at 292, 50 L.Ed.2d 251 (1976), wherein the court declared that, at least insofar as the Eighth Amendment is concerned, a showing of deliberate indifference, not negligence, would be required to state a cognizable claim. See also, Little v. Walker, 552 F.2d 193, 197 n. 8 (7th Cir. 1977), cert. den., 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978); Beard v. Mitchell, 604 F.2d 485, 494 (7th Cir.1979) (intentional

conduct or recklessness standard not limited to Eighth Amendment issues); Starstead v. City of Superior, 533 F.Supp. 1365, 1370 n. 4 (W.D.Wis.1982), and cases cited therein. Thus, despite the language of Parratt, 451 U.S. at 534, 101 S.Ct. at 1912 that nothing in the language of § 1983 prohibits recovery on a theory of negligence, personal injury claims brought under § 1983 alleging violation of a prisoner's Eighth Amendment rights must still meet the criteria for a showing of deliberate indifference, namely, actual intent or recklessness. Therefore, for intent or recklessness to exist, there would first have to be a showing of intentional indifference to a risk on the part of the prison's officials. Because mere negligence would be insufficient to state a claim under the Eighth Amendment, an official would have to be intentionally indifferent or in reckless disregard before liability in a § 1983 action under the Eighth Amendment could be established. That is precisely the holding of another pre-Parratt Seventh Circuit decision. Beard v. Mitchell, supra. It is also the recent conclusion of other district courts in this Circuit. Starstead v. City of Superior, supra, at 1371; Eberle v. Baumfalk, 524 F.Supp. 515, 517–18 (N.D.Ill.1981). In Eberle, the court held that Parratt was not applicable to a personal injury situation. The Fifth Circuit recently refused to extend liability in a § 1983 action to situations in which there is no violation of a right secured by the Constitution but in which there is at most a violation of a duty imposed by tort law. Hull v. City of Duncanville, 678 F.2d 582 (5th Cir.1982). In that case, the plaintiff alleged that injuries resulted from negligent failure to enforce train speed limits, and negligent failure properly to maintain signals, crossings, and surrounding highways. The Fifth Circuit held that no claim was stated.

Hull is directly at odds with Hirst v. Gertzen, 676 F.2d 1252 (9th Cir.1982). In that case, the Ninth Circuit held that a claim was stated under § 1983 for the negligent hiring and supervision of a deputy sheriff who oversaw jail prisoners when

that negligence resulted in a foreseeable risk that a violation of rights would occur and, in fact, proximately caused the death of an inmate by suicide. However, the holding of this case is questionable. It merely recites that *Parratt* held that negligence states a claim under § 1983, which is perhaps an overly simplistic reading of that case. There is no attempt to analyze the nature of the right involved nor to square *Parratt* with the case law on which it is built. Further, the Ninth Circuit does not mention that even after *Parratt* the Supreme Court itself has held that an allegation of administrative negligence fails to state a constitutional claim. *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). As the Supreme Court stated in *Parratt:*

> Our decision today is fully consistent with our prior cases. To accept Respondent's argument that the conduct of the state officials in this case constituted a violation of the Fourteenth Amendment would almost necessarily result in turning every alleged injury which may have been inflicted by a state official acting under "color of law" into a violation of the Fourteenth Amendment cognizable under § 1983. It is hard to perceive any logical stopping place to such a line of reasoning. Presumably, under this rationale any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983. Such reasoning "would make the Fourteenth Amendment a front of tort law to be superimposed upon whatever systems may already be administered by the states. *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405. We do not think that the drafters of the Fourteenth Amendment intended the amendment to play such a role in our society. *Parratt,* 451 U.S. at 544, 101 S.Ct. at 1917.

*Paul v. Davis* held that defamation, even if actionable under state tort law, did not state a claim under § 1983. In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), one of the prior cases that the court stated was fully consistent with *Parratt,* it was held that mere negligence or malpractice did not state a claim of a deprivation of a right secured by the Eighth Amendment, but that there must be a showing of deliberate indifference. *Estelle v. Gamble* relied upon *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976), which held that the Eighth Amendment prohibited the unnecessary and wanton infliction of pain. Even after *Parratt,* the Supreme Court has held to precisely the same standard. *Rhodes v. Chapman,* 452 U.S. at 346, 101 S.Ct. at 2398. "Wanton" means recklessly arrogant, malicious, according to Webster's Dictionary. These terms are the functional and legal equivalent of intentional or callous indifference.

The decision in *Hirst* is not binding upon this Court nor is it correct in its application of *Parratt.* All of the post-*Parratt* cases in this Circuit have restricted *Parratt* to claims involving property rights, and even *Hirst* does not apply *Parratt* to claims arising under the Eighth Amendment. Therefore, the proper standard by which to review the actions of the defendant is whether his conduct constituted deliberate or callous indifference.[1]

■ All the plaintiffs have alleged in their complaint is that the defendants were negligent in not having an officer at a particular portion of the prison at a specific time and that this negligence resulted in a foreseeable risk that an assault would occur then and there. The plaintiffs have conceded in their memorandum that their cause of action is based on negligence and that an isolated attack by one prisoner on another or an isolated act or omission by prison officials which allows such an attack to occur is not constitutionally actionable.

1. In *Hirst,* 676 F.2d at 1265, the dissenting opinion of Judge Hoffman emphasized that the question of recovery for simple negligence under § 1983 under *Parratt* was not there material. Judge Hoffman's careful analysis of the facts and the conclusions he draws therefrom are appealing and do not appear to conflict with *Parratt* in any way.

Thus, since plaintiffs have admittedly grounded their action on negligence, and their contention that negligence states a claim under the Eighth Amendment, is incorrect, the cause fails to state a claim upon which relief can be granted.[2]

■ Plaintiffs also contend that the security provided at the prison was so lax that it falls within a limited exception to the general rule concerning isolated acts or omissions to the extent that, where continuing acts or omissions by prison officials have the effect of producing a pattern of violence and assaults become a rule rather than the exception, it may state a claim upon which relief can be granted. *Van Horn v. Lukhard,* 392 F.Supp. 384, 387 (E.D. Va.1975); *Penn v. Oliver,* 351 F.Supp. 1292, 1294 (E.D.Va.1972).

Plaintiffs support their allegations by statements in affidavits:

18. Prior to the assault, I had been assigned to the Indiana State Prison for approximately seven months and have personal knowledge that because of the laxness in security at the said prison many violent assaults occurred during that period of time which could have otherwise been prevented if proper security had been provided in the areas of the institution in which those assaults occurred.

19. This affiant has personal knowledge that the degree of security provide (sic) at the Indiana State Prison on December 12, 1978, to prevent inmates from assaulting each other was so laxed that assaults were nearly an everyday occur-

rence, and that the defendants had done little, if anything, to take the necessary measures to correct the violent assault problem.

While it is a close question, this Court declines to hold that the above allegations fail to state a claim under the "continuing acts" exception noted above. Accordingly, defendants' motion for summary judgment is GRANTED as to the negligence claim under § 1983, and DENIED as to the question whether the continuing acts or omissions of the defendants produced a pattern of violence that rises to the level of an Eighth Amendment claim. SO ORDERED.

2. For more recent discussions of § 1983 as a vehicle for prosecuting tort actions, see, *Briscoe v. Lahue,* —— U.S. ——, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (no liability under § 1983 for policeman giving perjured testimony on witness stand); *Scudder v. Town of Greendale, Indiana,* 704 F.2d 999 (7th Cir.1983) (no § 1983 cause of action for alleged denial of permit to build houses); *Reed v. Village of Shorewood,* 704 F.2d 943 (7th Cir.1983) (degrees of relative immunity under § 1983 for local legislators, judicial officers, and the municipality); *Madyun v. Franzen,* 704 F.2d 954 (7th Cir.1983) (no § 1983 cause of action against prison officials because inmate punished for refusal to submit to frisk by female guard); *Stackhouse v.*

*Marks,* 556 F.Supp. 270 (M.D.Pa.1982) (8th Amendment claim under § 1983 requires "deliberate indifference" to be actionable); *Hill v. Marinelli,* 555 F.Supp. 413 (N.D.Ill.1982) (municipality liable under § 1983 for negligent training and disciplining of police officers); *Mitchell v. State of West Virginia,* 554 F.Supp. 1215 (N.D.W.Va.1983) (prisoner's "slip and fall" not actionable under negligence theory under § 1983); *Sellers v. Roper,* 554 F.Supp. 202 (E.D.Va.1982) (inadequate prison exercise facilities did not constitute 8th Amendment violation under § 1983); *Brown v. Brienen,* 553 F.Supp. 561 (C.D.Ill.1982) (negligent deprivation of a property interest under *Parratt v. Taylor.*