**Alfred KIDD, Plaintiff,**

v.

**David BRADLEY, et al., Defendants.**

**Civ. A. No. 78–0038–E(H).**

United States District Court,
N.D. West Virginia,
Elkins Division.

Jan. 17, 1984.

Robert L. Bays, Parkersburg, W.Va., for plaintiff.

Dana Davis, Deputy Atty. Gen., Charleston, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

In this Section 1983 action, the Plaintiff, an inmate at the West Virginia Penitentiary, is seeking to recover monetary damages against the two remaining Defendants, Correctional Officers David Bradley and Richard Anderson, for either their intentional or negligent deprivation of his personal property rights. During February, 1980, the Court conducted a bench trial in this action and found that the Plaintiff had proved by a preponderance of the evidence that these Defendants had deprived him of the items of personal property in question and assessed damages against these Defendants in the amount of $475.00. After the Court entered judgment accordingly, the Defendants prosecuted an appeal to the United States Court of Appeals for the Fourth Circuit. On December 8, 1981, 673 F.2d 1312, the Fourth Circuit vacated this Court's judgment for reconsideration in light of the Supreme Court's intervening decision in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). For the reasons set out below, the Court has concluded that the Plaintiff has not stated a cause of action under Section 1983 and,

accordingly, ORDERS that this action be dismissed from the Court's docket.[1]

### I. *The Rule of Parratt and its Progeny*

In *Parratt v. Taylor, supra,* the Supreme Court held that Section 1983 does not afford a remedy to a plaintiff who is complaining of a deprivation of his property rights by the random and unauthorized[2] negligent acts of state officials, so long as the plaintiff has an adequate post-deprivation remedy under state law. The Fourth Circuit has subsequently held that *Parratt* likewise precludes such an aggrieved inmate, who otherwise has an adequate state law remedy, from maintaining a Section 1983 action to remedy a correctional officer's random and unauthorized *intentional* deprivation of his property rights. *See Palmer v. Hudson,* 697 F.2d 1220 (4th Cir. 1983). Inasmuch as the evidence in the case at bar clearly establishes that the Plaintiff is only complaining of these Defendants' random and unauthorized deprivation of his property rights, the Court need only determine whether the Plaintiff will be afforded an adequate post-deprivation remedy under West Virginia law.[3]

### II. *West Virginia Law Affords an Adequate Post-Deprivation Remedy to an Inmate Who Has Been Deprived of his Property Rights by the Random and Unauthorized Acts of Correctional Officers*

Under the common law of West Virginia, "[t]he tortious or unlawful taking of personal property, and the exercise of ownership and dominion over it, against the consent of the owner is ... a conversion of the property for which ... [a cause of action] will lie." Syl. pt. 1 of *Arnold v. Kelly,* 4 W.Va. 642 (1871).[4] The common

---

1. *See, W.Va.Code,* § 55–2–18.

2. "*Parratt* does not impinge upon the right to a § 1983 remedy for an officially inflicted injury done pursuant to an established procedure, which remains a violation of the requirement of procedural due process ...." *Palmer v. Hudson,* 697 F.2d 1220, 1222 n. 2 (4th Cir.1983), *citing Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 434–37, 102 S.Ct. 1148, 1157–1158, 1159, 71 L.Ed.2d 265 (1982).

3. *Cf., Phelps v. Anderson,* 700 F.2d 147 (4th Cir.1983); *Wilkins v. Whitaker,* 714 F.2d 4 (4th Cir.1983).

4. The trier of fact may award punitive damages for conversion of personal property should the facts of a particular case merit the same. *See Wells v. Smith,* 297 S.E.2d 872 (W.Va.1982).

law likewise recognizes a cause of action for the negligent deprivation of, or injury to, one's personal property rights. *Cf., Ripley v. Transfer Co.,* 135 W.Va. 419, 63 S.E.2d 626 (1951). Inasmuch as these common law actions provide the Plaintiff at bar with an adequate post-deprivation remedy, the Court finds that the Plaintiff has not stated a cause of action under Section 1983.[5] The mere fact that the Plaintiff is a convicted felon does not make these common law, post-deprivation remedies unavailable to him, inasmuch as he would be able to prosecute such an action against these Defendants [6] in state court through either his committee,[7] or his next friend.[8] *Accord, Irshad v. Spann,* 543 F.Supp. 922, 928 (E.D.Va.1982); *Peery v. Davis,* 524 F.Supp. 107, 108 (E.D.Va.1981).

**5.** The Court's finding in this regard is consistent with the other district courts in this Circuit which have held that a common law action for either negligence or conversion constitutes an adequate post-deprivation remedy under *Parratt. See Moore v. Gluckstern,* 548 F.Supp. 165 (D.Md.1982); *Frazier v. Collins,* 544 F.Supp. 109 and 538 F.Supp. 603 (E.D.Va.1982); *Whorley v. Karr,* 534 F.Supp. 88 (W.D.Va.1981); *Waterstraat v. Central State Hospital,* 533 F.Supp. 274 (W.D.Va.1982); *Graham v. Mitchell,* 529 F.Supp. 622 (E.D.Va.1982).

**6.** The sovereign immunity of the State of West Virginia would not bar a common law action against these Defendants, since the Plaintiff is only complaining of their random and unauthorized acts which are only attributable to them as individuals. *See Thomas v. Board of Education,* 280 S.E.2d 816, 820 (W.Va.1981).

**7.** *See W.Va.Code,* §§ 28-5-33 and 36. *Cf., Waynesboro v. Lopinsky,* 116 W.Va. 551, 182 S.E. 283 (1935).

**8.** *See Rule* 17(c), West Virginia Rules of Civil Procedure.