**Walter L. WALKER, Plaintiff,**

v.

**David SCURR, et al., Defendants.**

**Civ. No. 83–313–D.**

United States District Court,
S.D. Iowa, C.D.

Sept. 9, 1985.

Walter L. Walker, pro se.

Prisoner Assistance Clinic, College of Law, University of Iowa, Iowa City, Iowa, for plaintiff.

Thomas J. Miller, Atty. Gen., State of Iowa, Gordon E. Allen, Sp. Asst. Atty. Gen., Mark Hunacek, Asst. Atty. Gen., Des Moines, Iowa, for defendants.

---

VIETOR, Chief Judge.

The amended motion of plaintiffs Walter Walker and Leslie Fields to amend original complaint and defendants' resistance are before the court.

Plaintiffs Walker and Fields, Native American inmates of the Iowa State Penitentiary (ISP), are proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Among the defendants are David Scurr, a former warden at ISP, Crispus Nix, the present warden at ISP, and James Menke, the former security director at ISP.

In the original complaint, it is alleged in paragraph 19 that defendants Scurr and Menke, in concert with others, negligently allowed a loss, theft or destruction of plaintiff Walker's religious, legal and cultural objects and property.

Plaintiffs Walker and Fields now seek to amend to allege that defendants Scurr, Menke and Nix, in concert with others, negligently and/or with malicious intent allowed the loss, theft or destruction of religious, legal and cultural objects and property of each of the two plaintiffs. Their proposed amendment further alleges that they filed timely claims with the State Appeals Board and properly exhausted the claim procedures before the Board, a prerequisite to commencing an action in an Iowa court under Iowa's State Tort Claims Act, Iowa Code Chapter 25A.[1] Their proposed amendment further alleges that they are indigent and therefore unable to maintain their action in Iowa's small claims court.[2] In paragraph 8 of their amendment to motion to amend they allege, and support by Exhibit 8 attached thereto, that they wrote the district court of Lee County explaining their desire to file small claims and enclosed a pauper's affidavit, and received a reply from the office of the Lee County Attorney, on behalf of the clerk of court, telling them: "The courts here have determined that inmates are not 'indigent' under Iowa law and that a 'basic' right

---

1. Iowa Code §§ 25A.3 & 25A.5.

2. Plaintiffs' claims are for less than $2000, so they would have to be litigated under Iowa's small claims procedure. Iowa Code Chapter 631.

must be involved before a filing fee can be waived." The letter further advised that they must pay a $12 filing fee, a $15 per defendant service fee and $10 for each witness to be subpoenaed.

Plaintiffs' legal theory is that they have been deprived of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution, an actionable claim under 42 U.S.C. § 1983.

■ A loss of a state prisoner's property by a state employee acting under color of state law, even though it is occasioned by mere negligence on the part of the state employee, is a deprivation of property within the meaning of the Fourteenth Amendment to the United States Constitution. *Parratt v. Taylor,* 451 U.S. 527, 536–37, 101 S.Ct. 1908, 1913–14, 68 L.Ed.2d 420 (1981). The loss, however, whether negligently or intentionally caused by the state employee, is not a loss "without due process of law" within the meaning of the Fourteenth Amendment if the state has available an adequate or meaningful post-deprivation remedy. *Hudson v. Palmer,* — U.S. ——, 104 S.Ct. 3194, 3202–05, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor, supra.*

■ This court concludes that Iowa Code Chapter 25A provides an adequate and meaningful post-deprivation remedy for any person to whom it is available. However, if it is not available to those who cannot, because of indigency, pay the required fees, it is certainly not an adequate and meaningful remedy for them, and the deprivation of property then is one "without due process of law." *See Frazier v. Collins,* 538 F.Supp. 603, 608 (E.D.Va. 1982); *Graham v. Mitchell,* 529 F.Supp. 622, 626 (E.D.Va.1982).

The proposed amendment adequately alleges that plaintiffs sought and were denied a waiver of fees in state court after they exhausted the procedures before the State Appeals Board. Defendants' contention that they should have sought a waiver after receiving the County Attorney's letter is not well taken. The proposed amendment indicates that they asked for a waiver when they wrote the clerk of court in the first instance and they were told in response that they "must forward to" the clerk and sheriff requisite fees, and they were told that "[t]he courts here have determined that inmates are not indigent under Iowa law and that a 'basic' right must be involved before a filing fee can be waived." The plaintiffs' proposed amendment adequately alleges that the state courthouse door was closed to them because of indigency, and they do not have to allege that they tried a second time to get fees waived.

Defendants also contend that plaintiffs' alleged financial inability to pursue a state post-deprivation remedy is irrelevant because they sought to pursue that remedy after Chapter 25A's time limitation for commencing suit had expired.[3] The statute of limitations is a defense to be raised by pleading or motion (or waived) after a plaintiff commences a suit. *State ex rel. Krupke v. Witkowski,* 256 N.W.2d 216, 218 (Iowa 1977). The availability of such a defense, or any other defense, is irrelevant to the question of whether the state has available to the plaintiffs an adequate and meaningful post-deprivation remedy for the alleged deprivation of property.[4]

The plaintiffs' proposed amendment adequately alleges lack of an adequate and meaningful post-deprivation remedy, and therefore their motion to amend, as amended, is granted, and IT IS ORDERED that their complaint stands amended as set forth in their motion to amend, as amended.

---

3. Iowa Code § 25A.13.

4. Whether there is a statute of limitations defense to plaintiffs' section 1983 claims in this court is not now before the court and is not decided.