**Mr. John Jasper MOORE**

v.

**Dr. Norma B. GLUCKSTERN, Director, et al.**

**No. Y–82–827.**

United States District Court, D. Maryland.

Sept. 30, 1982.

John J. Moore, pro se.

Patricia E. McDonald, Asst. Atty. Gen., Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff, an inmate at the Patuxent Institution, brings this suit under 42 U.S.C. § 1983 as a result of the loss of certain items of personal property. His first claim is that several pieces of jewelry were taken from his cell as he slept. He contends that on the night in question another inmate saw four guards leave his tier carrying a white plastic bucket similar to the one in which he placed his jewelry every night. Plaintiff's second claim is that when his belongings were returned to him after being stored during his stay in a segregation unit, several items of property were missing. The State moves to dismiss for failure to state a claim, citing *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (hereinafter *Parratt*).

The precise nature of plaintiff's allegations is not clear. While the first claim clearly alleges intentional deprivation of property, the second claim could be read to allege either negligent or intentional deprivation. Construing the complaint liberally, the Court reads both claims as alleging negligent and intentional deprivation, in the alternative.

In *Juncker v. Tinney,* 549 F.Supp. 574 (D. Md.1982), this Court established a four-part test for determining whether a complaint states a cause of action under § 1983. A complaint states a claim if:

(1) the complaint states a claim under some constitutional or federal statutory provision other than the Due Process Clause;

(2) the complaint alleges that the deprivation of plaintiff's right to life, liberty or property resulted from an established state procedure;

(3) the plaintiff does not have an adequate remedy under state law; or

(4) the complaint states a substantive due process claim.

Applying the first element of the test, the instant complaint cannot be read as stating a claim other than deprivation of property without due process of law. As for the second element, plaintiff alleges that the deprivation resulted from a *failure* to follow established state procedures.

The complaint having failed the first two elements, we come to the third element, which requires an application of the *Parratt* analysis. However, since the complaint alleges both negligent and intentional deprivation of property, it is first necessary to determine whether *Parratt* applies to intentional deprivations of property.

In *Parratt,* an inmate alleged that certain hobby materials that he had ordered by mail were lost because the normal prison procedures for handling mail packages were not followed. The inmate sued certain prison officials under 42 U.S.C. § 1983 to recover the value of the hobby materials, claiming that the officials had negligently deprived him of a property interest without due process of law. The Court held that, despite the fact that the plaintiff alleged only negligence on the part of the prison officials, plaintiff's claim met the three prerequisites of a due process claim, namely, that the prison officials acted under color of state law, that the hobby materials fell within the definition of property and that the officials' acts deprived the inmate of that property. *Id.* at 536–37, 101 S.Ct. at 1913–14. Nevertheless, the Court held that the inmate failed to state a claim under § 1983, because the deprivation was not without due process of law.

The Court observed that:

[t]his case involves a tortious loss of a prisoner's property as a result of a random and unauthorized act by a state employee. In such a case, the loss is not a

result of some established state procedure and the State cannot predict precisely when the loss will occur. It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under "color of law," is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible to provide a meaningful hearing before the deprivation.

451 U.S. at 541, 101 S.Ct. at 1915. Relying upon the principle that due process does not always require a pre-deprivation hearing when the State takes a person's property, the Court held that the inmate's post-deprivation remedy in the form of a lawsuit brought under the state tort claims act satisfied the requirements of due process. Therefore, the Court held, the alleged deprivation, while wrongful, was not "without due process of law," and the inmate's claim failed to state a cause of action under 42 U.S.C. § 1983.

The logic of *Parratt* permits no principled distinction between intentional and negligent deprivations of property interests. *Sheppard v. Moore,* 514 F.Supp. 1372, 1376 (M.D.N.C.1981). *Contra, Parker v. Rockefeller,* 521 F.Supp. 1013 (N.D.W.V.1981). An intentional theft of an inmate's property is no less a "random and unauthorized act," 451 U.S. at 541, 101 S.Ct. at 1915, than is a negligent failure to follow prison procedures. Both result not from an established State procedure but from a violation of an established procedure. Therefore, in both cases it is impossible for the State to predict when a deprivation will occur, and it is not possible for the State to provide a hearing prior to the deprivation. Thus, if the State provides a post-deprivation remedy for a deprivation of property, that remedy satisfies the demands of procedural due process and the deprivation, whether caused intentionally or negligently, cannot serve as the basis of a cause of action under § 1983. *Sheppard, supra,* 514 F.Supp. at 1376.

Applying the third element of the test, plaintiff's state court remedy of a tort action for negligence and/or conversion is "adequate" under *Parratt. See Juncker v. Tinney,* 549 F.Supp. 574 (D.Md.1982) (a state common law remedy is adequate under *Parratt*). That is, plaintiff's tort remedy constitutes due process, and plaintiff therefore has not been deprived of property without due process of law.

Finally, the complaint also fails the fourth element. At worst, plaintiff alleges that the items were stolen by the guards. While such action by prison guards, if proven, would clearly be wrongful, there is nothing about the alleged incidents that could conceivably "shocks the conscience" of the court. Therefore, the complaint cannot be read as alleging a violation of substantive due process rights.

In conclusion, the complaint fails all four elements of the *Juncker* test and therefore fails to state a claim under § 1983.

For the reasons stated herein, it is this 30th day of September, 1982, by the United States District Court for the District of Maryland ORDERED:

1. That the complaint BE, and the same IS, hereby DISMISSED for failure to state a claim; and

2. That the Clerk forward a copy of this Memorandum and Order to each party.