808 F.2d 834
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Christopher BROWN, Plaintiff-Appellant,
v.
William D. FARMER, Trp.; Catherine Muir, Trp.; Thomas W.
Colbert, Trp.; John L. Scarborough; James
McKenney, Defendants-Appellees.
 No. 86-7243.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 18, 1986.
Decided Dec. 12, 1986.
 
 Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 William Christopher Brown, appellant pro se.
 James Joseph Doyle, III, Office of the Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 William Christopher Brown, a Maryland inmate, appeals from the district court's grant of summary judgment to the defendants in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 On November 5, 1983, at about 11:00 p.m., Maryland State Police Officer William D. Farmer stopped Brown near Havre de Grace, Maryland for driving with a defective taillight. Via police radio Farmer learned that Brown's driver's license had been suspended, and that the Cecil County Sheriff's Department had issued an arrest warrant for him arising from a paternity proceeding. Relying on the information given over the radio, Farmer took Brown into custody. State Police Officer Catherine E. Muir guarded Brown while Farmer searched Brown's car. The search disclosed suspected marijuana, suspected "valium," and a loaded revolver. When the search ended, Brown was transported to state police barracks. There he was searched during booking procedures; the search procedures included a strip search.
 
 
 3
 At about 4:00 a.m. that same night, Officer Thomas W. Colbert visited Brown's cell in order to talk to him. Brown told Colbert that he was cold. Colbert obtained Brown's jacket. Before returning the jacket to Brown, Colbert searched its pockets and discovered bags of suspected heroin. Colbert then subjected Brown to a second strip search.
 
 
 4
 In Brown's state criminal proceedings, a state judge denied Brown's motion to suppress evidence which he alleged was seized in violation of the Fourth Amendment. Brown was later convicted of possession with intent to distribute heroin and marijuana, unlawful transportation of a handgun, and possession of controlled paraphernalia. His convictions were affirmed.
 
 
 5
 Brown sued the three Maryland state troopers and two Cecil County, Maryland, state's attorneys on claims arising out of his November 5, 1983, arrest. He alleged the following constitutional violations:
 
 
 6
 1. Officer William D. Farmer of the Maryland State Police lacked probable cause to stop Brown's car;
 
 
 7
 2. After stopping Brown, Officer Farmer eventually arrested him for driving with a license that was suspended, or revoked, or cancelled, when Brown's license was valid;
 
 
 8
 3. Officer Farmer also arrested Brown because of an outstanding warrant against him for nonsupport, though Brown was never served with that warrant;
 
 
 9
 4. Officer Farmer and Officer Catherine E. Muir, also of the Maryland State Police, searched Brown's car in violation of his Fourth Amendment rights;
 
 
 10
 5. The officers unlawfully imprisoned Brown in state police barracks the night of his arrest;
 
 
 11
 6. Officer Farmer subjected Brown to a visual strip search in the barracks' holding cell area, in violation of Brown's Fourth Amendment rights, and the strip search constituted cruel and unusual punishment;
 
 
 12
 7. The strip search denied Brown equal protection of the law;
 
 
 13
 8. Officer Farmer searched Brown's clothing in violation of Brown's Fourth Amendment rights;
 
 
 14
 9. Officer Farmer commingled Brown's personal effects with the effects of two other inmates in the holding area;
 
 
 15
 10. Maryland State Police Officer Thomas W. Colbert interrogated Brown without informing him of his Miranda rights, and without permitting him to contact a lawyer;
 
 
 16
 11. Officer Colbert searched Brown's jacket in violation of Brown's Fourth Amendment rights;
 
 
 17
 12. After finding heroin in Brown's jacket, Officer Colbert subjected Brown to another visual strip search, again in violation of his Fourth Amendment rights and in violation of his Eighth Amendment rights;
 
 
 18
 13. Officer Farmer deprived Brown of his Maryland Class B driver's license without due process of law;
 
 
 19
 14. Officer Farmer took $99 and a list of phone numbers from Brown and has not returned this property, thus denying Brown his property without due process of law;
 
 
 20
 15. The statute under which Brown was arrested and convicted is unconstitutional, and therefore he was placed in prison prior to trial on a defective indictment; and
 
 
 21
 16. The failure of the state attorneys to introduce the money and phone numbers at Brown's trial denied Brown due process of law.
 
 
 22
 The district court dismissed six of the sixteen claims upon the filing of the complaint. It concluded that claims 15 and 16 attacked the validity of Brown's conviction and that Brown had not exhausted state remedies. It therefore dismissed those claims. Because only claims 15 and 16 addressed the conduct of the defendant state attorneys, the court dismissed those defendants.
 
 
 23
 The district court dismissed claim 7 because it was completely conclusory. The court dismissed claims 9 and 10 because the alleged facts failed to state constitutional claims. Finding that Officer Farmer did have reasonable cause to stop Brown's car, namely, a defective light, the district court dismissed claim 1.
 
 
 24
 The action was referred to a magistrate for a report and recommendation. The magistrate recommended dismissal of claim 2. The magistrate concluded that the officers arrested Brown on an outstanding arrest warrant arising from a paternity proceeding and did not actually arrest him on a bad license charge. The magistrate also found that the officer's failure to serve Brown with an arrest warrant, Brown's claim 3, did not state a claim.
 
 
 25
 The magistrate recommended dismissal of claims 4, 5, 6, 8, 11, and 12, Brown's Fourth Amendment claims, on the basis of res judicata. He reasoned that these claims were adversely decided against Brown at a suppression hearing in his state criminal proceedings.
 
 
 26
 The magistrate also found that claim 6, concerning the first strip search, failed for an independent reason. He reasoned that the officers lawfully took Brown into custody under the arrest warrant. Brown's person was subject to search because he was lawfully in custody. A strip search was reasonable because drugs and a handgun were found in Brown's car.
 
 
 27
 The magistrate also recommended dismissal of the remaining claims, claims 13 and 14. He reasoned that adequate state remedies were available to redress the alleged property deprivations, and hence, claims 13 and 14 did not state constitutional claims.
 
 
 28
 Brown filed timely objections to the magistrate's report. Reviewing the matter de novo, the district court agreed with the magistrate's recommended disposition of all claims. The district court clarified the magistrate's disposition of one claim, claim 12, concerning the second strip search. The court found that a second such search was reasonable because after the first search, an officer found in Brown's jacket heroin that had escaped discovery during the first search. On July 31, 1986, the district court entered judgment in favor of the defendants.
 
 
 29
 On appeal, Brown asserts a number of errors. First, he contends that he was not advised that he was required to file a response to the defendants' motion for summary judgment. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975). The record shows, however, that he did receive a Roseboro notice. Second, he contends that he was not afforded "full discovery." However, the district court has broad discretion in controlling discovery, and we discern no abuse of discretion here.
 
 
 30
 As a third error, Brown asserts that the district court improperly relied upon res judicata in rejecting claims 4, 5, 6, 8, 11, and 12. Specifically, he asserts that the district court failed to determine the preclusive effect under state law of the prior state criminal proceedings. See Migra v. Warren City School District Board of Education, 465 U.S. 75 (1984). However, there exist independent grounds for rejecting those claims. The district court found that the stop of Brown's car and his arrest were both lawful. As a result, the officers were entitled to search the passenger compartment of the car and the contents of containers found there. New York v. Belton, 453 U.S. 454 (1981). When that search disclosed suspected heroin, suspected marijuana and a handgun, the officers had further justification for arresting Brown. Given the presence of a handgun and suspected dangerous drugs, a strip search of Brown before placement in the barracks' detention center was reasonable. See Logan v. Shealy, 660 F.2d 1007, 1013 (4th Cir.1981), cert. denied, 455 U.S. 942 (1982). A search of Brown's clothing was also, a fortiori, proper. See United States v. Robinson, 414 U.S. 218 (1973). The discovery, subsequent to the first search, of additional drugs in Brown's clothing, gave officers reasonable grounds for a second strip search. Hence, the district court properly dismissed claims 4, 5, 6, 8, 11 and 12.
 
 
 31
 As a fourth error, Brown asserts that the district court erred in dismissing claims 13 and 14, which alleged that he was deprived of property without due process of law. He asserts that contrary to the district court's ruling, remedies for state police officers' property deprivations are not available through the state Inmate Grievance Commission. Assuming Brown's contention is correct, he has available to him an adequate state remedy: an action for negligence and/or conversion. See Moore v. Gluckstern, 548 F.Supp. 165, 167 (D.Md.1982) (citing Juncker v. Tinney, 549 F.Supp. 574 (D.Md.1982)). Hence, claims 13 and 14 were properly dismissed.
 
 
 32
 To summarize, upon the filing of the complaint, the district court properly dismissed, for reasons stated in its order of October 30, 1985, claims 1, 7, 9, 10, 15, and 16. Brown v. Farmer, C/A No. 85-3884-Y (D.Md., October 30, 1985 and July 31, 1986).
 
 
 33
 The district court properly dismissed claims 2 and 3 for reasons stated in the magistrate's report and recommendation, as adopted by the district court. Brown v. Farmer, C/A No. 85-3884-Y (D.Md., April 21, 1986 and July 31, 1986). The district court properly dismissed claims 4, 5, 6, 8, 11, 12, 13, and 14 for reasons stated in this opinion.
 
 
 34
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 35
 AFFIRMED.